UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 1:09-CV-0075 (EJL) |
| PLAINTIFF, | Judge Edward J. Lodge |
| v. | **FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF** |
| DAREN L. PALMER and TRIGON GROUP, INC., a Nevada Corporation, | **AGAINST DAREN L. PALMER** |
| DEFENDANTS. | |

The Securities and Exchange Commission (the "Commission") filed a Complaint (Docket

No. 1) against Daren L. Palmer ("Palmer" or the "Defendant") and others on February 26, 2009.

Based on the foregoing, the Court rules as follows:

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUGED, AND DECREED that, Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to use the mails or any means or instrumentality of interstate commerce, directly or indirectly, to effect any transactions in, or to induce or

attempt to induce the purchase or sale of, any security unless defendant is registered in

accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

> (a)   to employ any device, scheme, or artifice to defraud;

> (b)   to obtain money or property by means of any untrue statement of a
> material fact or any omission of a material fact necessary in order to make the
> statements made, in light of the circumstances under which they were made, not
> misleading; or

> (c)   to engage in any transaction, practice, or course of business which
> operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and

Defendant's agents, servants, employees, attorneys and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the

Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any

applicable exemption:

(a)    Unless a registration statement is in effect as to a

security, making use of the means or instruments of transportation or

communication in interstate commerce or of the mails to sell such security

through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a

security, carrying or causing to be carried through the mails or in interstate

commerce, by any means or instruments of transportation, any such

security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of

transportation or communication in interstate commerce or of the mails to

offer to sell or offer to buy through the use or medium of any prospectus

or otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or

examination under Section 8 of the Securities Act [15 U.S.C. § 77h).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $17,408,937.55, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $842,992.86, for a total of $18,251,930.41.

Defendant has satisfied a portion of his disgorgement and civil penalty obligations by transferring to the court-appointed Receiver, his interest in the assets that were frozen pursuant to the Asset Freeze Order this Court issued on February 26, 2009, including two homes and a warehouse in Idaho Falls, Idaho; two four-plex apartment buildings in Rigby, Idaho, a time share in Honolulu, Hawaii; a lake house in Harrison, Idaho; and, a commercial lot in Meridian, Idaho. Defendant also transferred personal possessions to the Receiver, including a Faberge egg, jewelry, watches, automobiles, artwork, furniture and two horses.  In addition, Defendant has transferred to the Receiver his interests in the following entities, Palmer Trading and Investments, LLC; Mountain States Land, LLC; Blackrock Limited, LLC; Canterbury Court Properties, LLC; Pinnacle Company, LLC.

Based on Defendant's sworn representations in his Statement of Financial Condition dated April 5, 2010, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a third-tier civil penalty.  If, after liquidation of the aforementioned assets, Defendant's disgorgement and prejudgment interest of $18,251,930.41 is not fully satisfied, the Commission will waive the outstanding balance. Defendant further acknowledges that this Court's determination to waive payment of any outstanding balance is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition dated April 5, 2010.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities and/or net worth were fraudulent,

misleading, inaccurate and/or incomplete in any material respect as of the date such

representations were made, the Commission may, at its sole discretion and without prior notice

to Defendant, petition this Court for an order requiring Defendant to pay the unpaid portion of

the disgorgement, prejudgment interest thereon and the maximum civil penalty under the law.  In

connection with any such petition, the only issue shall be whether the financial information

provided by Defendant was fraudulent, misleading, inaccurate and/or incomplete in any material

respect as of the date such representations were made.  In it petition, the Commission may move

this Court to consider all available remedies, including but not limited to ordering Defendant to

pay funds or assets, directing the forfeiture of any assets and/or sanctions for contempt of this

Final Judgment.  The Commission may also request additional discovery.  Defendant may not,

by way of defense to such petition:  (1) challenge the validity of the Consent or this Final

Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that

payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not

be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment

interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6)

assert any defense to liability or remedy, including, but not limited to, any statute of limitations

defense.


## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall assist R.

Wayne Klein, the court-appointed Receiver, to identify and to recover any contributions to the

Church of Jesus Christ of Latter-day Saints, including but not limited to tithing and temple

donations, made by Defendant or Defendant's immediate family, including by or through an

entity or entities owned or controlled by Defendant or Defendants's immediate family, for the

period January 1, 2000 through December 31, 2008.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated

herein with the same force and effect as if fully set forth herein, and that Defendant shall comply

with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgement.

DATED July 19, 2010

Honorable Edward J. Lodge
U.S. District Judge

7